**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

Charles E. Nealy, Jr.,
Plaintiff
-vs-
Ryan Thornell, et al.,
Defendants.

CV-24-0448-PHX-DLR (JFM)

**Report & Recommendation**

This matter is before the undersigned magistrate judge on referral for pretrial proceedings pursuant to 28 U.S.C. § 636(b)(1). Because the appropriate resolution of this matter is dispositive of claims or defenses, the undersigned proceeds by way of a Report & Recommendation to the referring district judge, pursuant to 28 U.S.C. § 636(b)(1)(B).

## A. BACKGROUND

Plaintiff commenced this action on March 4, 2024. The original (Doc. 1) and first amended (Doc. 8) complaints were dismissed with leave to amend. (Order 5/31/24, Doc. 6; Order 10/18/24, Doc. 10.) Plaintiff failed to timely file his second amended complaint, and on December 2, 2024 Judgment (Doc. 10) of dismissal was entered. Plaintiff appealed, and the Ninth Circuit reversed in part, reinstating Plaintiff's First Amended Complaint only as to the First Amendment legal mail claim, and remanding (Doc. 16).

On June 16, 2026, the Court ordered (Doc. 17) Plaintiff to complete and return packets for service on the remaining defendants, Defendants Warren, Banghart, and Goldtooth. Those service packets were to be returned within twenty-one days. As of July 15, 2026 Plaintiff had not done so and the Court issued an Order to Show Cause (Doc. 18) giving Plaintiff seven days to "either: (1) return completed service packets as previously ordered; or (2) file a response to this order showing cause why this case should

not be dismissed for failure to prosecute." (*Id.* at 1.)

Plaintiff has not done neither, and the deadline expired on July 22, 2026.

Rule 41(b) of the Federal Rules of Civil Procedure provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action." In *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-31 (1962), the Supreme Court recognized that a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute, even though the language of Rule 41(b) of the Federal Rules of Civil Procedure appears to require a motion from a party. Moreover, in appropriate circumstances, the Court may dismiss a complaint for failure to prosecute even without notice or hearing. *Id.* at 633. Because dismissal is a harsh penalty, however, it is appropriate only in extreme circumstances of unreasonable delay. *Hernandez v. City of El Monte*, 138 F.3d 393, 400 (9th Cir. 1998).

In determining whether Plaintiff's failure to prosecute warrants dismissal of the case, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey*, 856 F.2d at 1440 (*quoting Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). The appellate courts "may affirm a dismissal where at least four factors support dismissal, or where at least three factors 'strongly' support dismissal." *Hernandez*, 138 F.3d at 399 (citations omitted). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction. Thus the key factors are prejudice and availability of lesser sanctions."" *Wanderer v. Johnson*, 910 F.2d 652, 656 (9th Cir. 1990).

Here, this case has been effectively stopped from progressing in any manner since June 16, 2026, the date of the Service Order (Doc. 17) due to Plaintiff's failure to return completed service packets, and such failure precludes a resolution of his claims on the merits by forestalling service on Defendants. Thus the **first**, **second**, and **fourth** factors call for dismissal. Regarding the **third** factor, Defendants will likely eventually suffer

prejudice from Plaintiff's delays as a result of impacts on their ability to garner evidence to support any defenses.

With regard to the **fifth** factor, less drastic sanctions, the courts consider whether the court has discussed or tried alternatives, or warned the plaintiffs of the chance of dismissal. *Hernandez*, 138 F.3d at 401. Here, Plaintiff has been warned in the service Order (Doc. 17 at 3-4) and the Order to Show Cause (Doc. 18) of possible dismissal of his case for failure to return service packets and complete timely service. Despite those cautions, Plaintiff has failed to respond to the Court, provide the service packets, or to seek extensions of time to do so. This suggests that further admonitions or threats of litigation related sanctions are unlikely to be effective. Given Plaintiff's *in forma pauperis* status (*see* Order 5/31/24, Doc. 6, granting IFP application), monetary sanctions are also unlikely to be effective. However, Rule 41(b) provides that a dismissal for failure to prosecute operates as an adjudication upon the merits "[u]nless the court in its order for dismissal otherwise specifies." In the instant case, the undersigned finds that a dismissal with prejudice would be unnecessarily harsh, and the lesser sanction of dismissing the complaint and action without prejudice is appropriate.

## B. EFFECT OF RECOMMENDATION

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.

However, pursuant to Rule 72, Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any findings or recommendations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the issues, *see United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*), and will constitute a waiver

of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation of the Magistrate Judge, *Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

In addition, the parties are cautioned Local Civil Rule 7.2(e)(3) provides that "[u]nless otherwise permitted by the Court, an objection to a Report and Recommendation issued by a Magistrate Judge shall not exceed ten (10) pages."

**C. RECOMMENDATIONS**

**IT IS THEREFORE RECOMMENDED:**

(A) The reference of this case to the magistrate judge be **WITHDRAWN**.

(B) Plaintiff's First Amended Complaint (Doc. 8) and this action be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute

Dated: July 31, 2026

24-0448r RR 26 07 30 re Dismiss FTP.docx

James F. Metcalf
United States Magistrate Judge